IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SANDRA CHRISTINE STEEDLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 1:13cv94-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

**I.    INTRODUCTION**

Plaintiff, Sandra Christine Steedly, applied for disability insurance benefits and supplemental security income. Her application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision in which the ALJ found Plaintiff not disabled at any time through the date of the decision. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

1

is now before the court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. 11); Def.'s Consent to Jurisdiction (Doc. 10).  Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

3

or light work, inability to speak English, educational deficiencies, and lack of job experience.  Each factor can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.

The court's review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.  . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.    ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty two years old at the time of the alleged onset of her disability and has a limited education.  Tr. 48.  Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff "has not engaged in substantial gainful activity since August 1, 2009, the alleged onset date." (Step 1) Tr. 42.  At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments:  "insulin dependent diabetes mellitus; status post ulnar neuropathy; depression; history of alcohol abuse in partial remission; carpal tunnel syndrome; polyneuropathy; [and a] history of bells palsy."  *Id*.  The ALJ then found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments."  (Step 3) *Id*.  Next, the ALJ found that Plaintiff has the RFC to perform sedentary work with numerous additional restrictions including limiting Plaintiff "to work which would permit her to work at an unproductive pace or be off task for approximately 5% of the workday."  Tr. 45.  The ALJ then concluded that Plaintiff "is unable to perform any past relevant work." (Step 4) Tr. 48.  At Step 5, the ALJ found that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," and after consulting with the VE, "there are jobs that exist in significant numbers in the national economy that the claimant can perform."  *Id*.  The ALJ identified the following occupations as examples:  "surveillance system monitor," "callout operator," and "telemarketer."  Tr. 49.  Accordingly, the ALJ determined that

Plaintiff "has not been under a disability, as defined in the Social Security Act, from August 1, 2009, through the date of this decision." *Id.*

## IV.     PLAINTIFF'S CLAIMS

Plaintiff presents three issues for this court's consideration in review of the ALJ's decision:  (1) whether the Commissioner's decision should be reversed because the ALJ failed to consider Plaintiff's severe mental impairment of depression in the RFC; (2) whether the Commissioner's decision should be reversed because the ALJ discredited Plaintiff based upon her failure to obtain treatment without first considering Plaintiff's explanation for lack of treatment; and (3) whether the Commissioner's decision should be reversed because the ALJ failed to provide a proper credibility finding as required by SSR 96-7p.  Pl.'s Br. (Doc. 12) at 6.  The court will address each argument below.

## V.      DISCUSSION

### *A.     Consideration of Plaintiff's Depression in the RFC*

Plaintiff argues that the ALJ failed to consider Plaintiff's depression in her RFC, as required by SSR 96-8p.  Specifically, Plaintiff states that "[d]espite finding [Plaintiff]'s depression to be a severe impairment, at no point in [the] RFC does the ALJ express what effect [Plaintiff]'s depressive disorder would have on her ability to perform work-related activities."  Pl.'s Br. (Doc. 12) at 8.  The court finds this argument to be without merit.

First, the court notes that the ALJ did consider Plaintiff's depression throughout the decision, including in the assessment of the RFC, but the ALJ was unconvinced that the depression had any significant limiting effect on Plaintiff's ability to work. Leading into the discussion of the RFC, the ALJ explicitly stated that "the following [RFC] assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis." Tr. 45. Additionally, the ALJ discussed Plaintiff's alleged mental impairments for nearly a page of the RFC assessment, noting that Plaintiff "functions fairly normally, socially," has "robust activities of daily living," and "reports no difficulties getting along with people in general and no problems getting along with authority figures." Tr. 46.

Second, the burden of proof rests with a claimant to establish if any impairments cause a limiting effect on a claimant's ability to work. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). Here, Plaintiff simply failed to meet her burden in establishing that the alleged depression affected her ability to perform work-related activities beyond the restrictions the ALJ placed on Plaintiff's RFC. Plaintiff argues that "competitive, remunerative work" requires the ability to understand, carry out, and remember instructions, use judgment, respond appropriately to supervisors and co-workers, and deal with changes in routine. However, Plaintiff fails to offer any argument, or point to any evidence of record to show how the RFC conflicts with any of

Plaintiff's capabilities or mental impairments found at Step 2, and the court will not suppose arguments on Plaintiff's behalf.

It is clear that the ALJ did consider Plaintiff's depression, and its effects, when assessing Plaintiff's RFC. The ALJ's decision was supported by substantial evidence, and thus no error has occurred.

### B.     *Consideration of Plaintiff's Failure to Obtain Treatment*

Next, Plaintiff argues that "the ALJ discredited [Plaintiff] based upon her failure to obtain treatment, without first considering her explanation for lack of treatment" in violation of SSR 96-7p. Pl.'s Br. (Doc. 12) at 9. Plaintiff asserts that she could not seek mental health treatment because she could not afford it, and the ALJ erred in stating that "in terms of [Plaintiff]'s alleged mental impairment, the undersigned notes [Plaintiff] has never sought or received treatment from a mental health specialist." Tr. 46. The court finds no error in the ALJ's statement regarding the failure to obtain mental health treatment.

Under SSR 96-7, an ALJ is required to consider whether a claimant has "justifiable cause" to excuse a finding of noncompliance with prescribed treatment and whether the prescribed treatment would have made the claimant capable of maintaining employment; however, this SSR "only appl[ies] to claimants who would otherwise be disabled within the meaning of the Act." *Mack v. Comm'r of Soc. Sec.*, 420 F. App'x 881, 883 (11th Cir. 2011) (unpublished). Further, Plaintiff's reliance upon *Dawkins v.*

*Bowen*, 848 F.2d 1211 (11th Cir. 1988), as support for the ALJ's alleged error is misguided.  In *Dawkins*, the Eleventh Circuit remanded a case to the ALJ to determine "whether appellant was disabled, without reference to her failure to follow prescribed medical treatment."  420 F. App'x at 1214.  The *Dawkins* court then specified, "**if the ALJ determines that [the claimant] is disabled**," the ALJ must then consider whether good cause excused any noncompliance.  *Id.* (emphasis added).  In other words, a finding of disability serves as the trigger to the applicability of SSR 96-7p.

Here, the ALJ did not deny Plaintiff benefits on the basis of non-compliance.  Rather, it is clear that the ALJ determined Plaintiff did not qualify as disabled, with or without the non-compliance.  Therefore, SSR 96-7p was never triggered as to Plaintiff, and Plaintiff's argument that the ALJ did not comply with that ruling fails.

### C.     *Sufficiency of the ALJ's Credibility Finding*

Plaintiff argues that "the ALJ failed to make a proper credibility determination regarding [Plaintiff]'s subjective complaints as required," because "at no point in her decision does the ALJ give any analysis, explanation or reasoning as to why she rejected [Plaintiff]'s subjective complaints."  Pl.'s Br. (Doc. 12) at 13-14.  Plaintiff asserts that SSR 96-7p requires that "[i]f proof of disability is based upon subjective evidence and a credibility determination is critical to the decision," the ALJ must provide an "'explicit articulation of the reasons justifying a decision to discredit a claimant's subjective pain testimony.'"  *Id.* (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1212 n.4 (11th Cir. 2005)).

The ALJ has the discretion to assess such credibility, so long as the ALJ "clearly articulate[s] explicit and adequate reasons" for the credibility determination. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). Here, the ALJ has articulated explicit and adequate reasons for finding Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent" with the RFC assessment. Tr. 46. Aside from the medical evidence that supported the ALJ's findings that Plaintiff can perform sedentary work activity with additional restrictions, Plaintiff's own contradictions led to the ALJ's credibility finding. Specifically, the ALJ highlighted that Plaintiff alleges "her symptoms are so intense and persistent that the limiting effects prevent her from performing any substantial gainful activity." Tr. 45. However, the ALJ also noted that Plaintiff "report[ed] few limitations in her activities of daily living" and is able to leave her home, drive a vehicle, shop in public stores for groceries, and "tend[] to her own personal needs (i.e. including dressing, bathing, hair care, shaving, eating, toileting, etc.)." Tr. 43-44. Additionally, Plaintiff also claims she is incapable of maintaining a job because "her mental impairments cause her to . . . have low energy/motivation [and] be distracted," and "her symptoms limit her ability to maintain attention and concentration." Tr. 45. However, the ALJ noted the following: Plaintiff reported "paying attention is 'not a problem' for her"; Plaintiff can follow written and spoken instruction without difficulty; and Plaintiff routinely completes crossword puzzles

and plays card games. Tr. 43-44. Thus, the court finds that the ALJ properly articulated the reasons for her assessment of Plaintiff's credibility with respect to Plaintiff's subjective complaints, and no error occurred.

## VI. CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 24th day of February, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE